██ In the Matter of the Claim of ALVIN T. KENT, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GREENBLOTT, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 9, 1968, holding claimant ineligible for benefits effective November 28, 1966 because of a lack of total unemployment (Labor Law, § 522), charging him with an overpayment of $811.25, ruled to be recoverable, and holding that he willfully misrepresented to obtain benefits for which a forfeiture of 51 effective days was imposed (Labor Law, § 594). What constitutes "total unemployment" is a factual decision and thus if the board's determination is supported by substantial evidence, it cannot be disturbed (*Matter of Weiss* [*Catherwood*], 28 A D 2d 577). The record contains substantial evidence that during the period in question appellant was active in the operation of a store selling photographic equipment and supplies and, in addition, performing studio and photographic work in partnership with his father. The board could properly find that he was engaged in self-employment and not totally unemployed. (*Matter of Emanuel* [*Catherwood*], 29 A D 2d 798.) "The fact that this was merely a sideline while he was regularly employed or that it was sporadic and involved only a limited investment is not controlling. Nor is the fact that the endeavor was nonremunerative during the period for which benefits are claimed

(*Matter of Bailey* [*Catherwood*], 18 A D 2d ·727) " (*Matter of Carasso* [*Catherwood*], 23 A D 2d 935, 936). .Likewise, the question of willful representation is factual and since there is substantial evidence to support the board's determination, it must be upheld. (*Matter of Tiber* [*Catherwood*], 31 A D 2d 704.) Decision affirmed, without costs. Herlihy, P. ·J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.